IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN FUREY | : | CIVIL ACTION |
| v. | : | |
| POLICE OFFICER TRAVIS WOLFE, et al. | : | NO. 10-1820 |

# **MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this action, Plaintiff Kevin Furey ("Plaintiff") alleges that his civil rights were violated by Police Officer Travis Wolfe ("Officer Wolfe"), the City of Philadelphia (the "City"), and Philadelphia Police Commissioner Charles Ramsey ("Commissioner Ramsey") (collectively, "Defendants"), as a result of Officer Wolfe making an off-duty arrest of Plaintiff in the early morning hours of April 5, 2008. Presently before the court is Defendants' motion to disqualify Plaintiff's counsel, Margaret Boyce Furey, Esquire,[1] which includes a request that Defendants be permitted to depose Ms. Furey as a fact witness. I held oral argument on the motion on April 21, 2011.[2] For the reasons that follow, Defendants' motion to disqualify Plaintiff's counsel will be denied without prejudice, and Defendants' request to depose Plaintiff's counsel will be granted, with strict limitations as set forth herein.

---

[1] Ms. Furey is also Plaintiff's mother.

[2] The Honorable Mary A. McLaughlin has referred all discovery-related issues in this case to the undersigned.

I.      **FACTS AND PROCEDURAL HISTORY**

On March 10, 2010, Plaintiff commenced this action in the Philadelphia Court of Common Pleas, and on April 23, 2010, Defendants removed it to this Court.  See Doc. 1. Plaintiff alleges that his civil rights were violated pursuant to 42 U.S.C. § 1983.  See Compl. at First Cause of Action.  Plaintiff also alleges various state law claims against Officer Wolfe.  Id. at Second Cause of Action.  Among other things, Plaintiff alleges that Officer Wolfe unlawfully used force against him without probable cause to believe he had committed a crime, assaulted Plaintiff, subjected him to an unlawful arrest, and committed perjury.  See id. at ¶¶ 9-16.  Plaintiff further alleges that Officer Wolfe's conduct was the result of policies, practices and customs and deliberate indifference on the part of the City and Commissioner Ramsey.  See id. at First Cause of Action.

As alleged in the complaint, on April 5, 2008, Plaintiff, an undergraduate at Temple University, was arrested by Officer Wolfe and charged with several criminal offenses.  See Compl. at ¶¶ 9, 14, 30.  Of particular relevance to the instant motion are the allegations pertaining to the handling of the criminal charges:

> 17.  At a continued Preliminary Hearing held in November 2008, Internal Affairs detectives appeared and had a secret meeting with the Chief of the Philadelphia District Attorney's Municipal Court Unit, Charles Ehrlich, whereupon Charles Ehrlich offered plaintiff admission to an ARD [Accelerated Rehabilitative Disposition] program only if plaintiff agreed not to sue and other conditions.  The Internal Affairs officer, defendant Wolfe, the District Attorney in the Courtroom, Deputy District Attorney Ehrlich, screamed at plaintiff's attorney in a threatening manner, terrorizing

2

> plaintiff, who overheard in the hallway, believing that he would be wrongfully prosecuted and convicted of crimes he did not commit.
> 18. At the actual ARD hearing, which took place on June 10, 2009, plaintiff was placed in the ARD program without the requirement that he not sue defendants and the other requirements as set by Charles Ehrlich, who had no authority to impose terms for admission into the ARD program, since Ehrlich was not Chief on the ARD unit.

Compl. at §§ 17-18. There is no dispute that Ms. Furey represented Mr. Furey at the criminal proceedings referenced in these paragraphs.

The parties experienced certain difficulties during the discovery phase of this litigation, particularly during depositions conducted by Ms. Furey and original defense counsel, Craig Straw, Esquire, of the City of Philadelphia Law Department. During depositions of Mr. Ehrich and Officer Wolfe, counsel engaged in numerous, often lengthy, exchanges, including instances in which Ms. Furey challenged the deponents' testimony with her own recollection of events. When this occurred during the deposition of Mr. Ehrlich held on January 31, 2011, Mr. Straw asked Ms. Furey whether she would be a fact witness in this civil lawsuit, to which she replied: "I'm going to be, probably. I'm looking into lawyers." Ehrlich Dep., attached to Doc. 55 at Exh. B, at 85. And during the deposition of Officer Wolfe held on February 10, 2011, Ms. Furey responded to a similar question from defense counsel by stating that she was "going to be" a fact witness. Wolfe Dep. at 307.

On February 25, 2011, Jeffrey Kolansky, Esquire, entered his appearance on behalf of Defendants, after which Mr. Straw withdrew.  See Docs. 50 & 54.  On March 3, 2011, new defense counsel filed an "Emergency Motion for Disqualification of Plaintiff's Counsel and Stay of Discovery Pending Entry of New Counsel and Concurrent Motion for Enlargement of Time to Conduct Discovery," which Judge McLaughlin referred to me for disposition.  See Docs. 55 & 56.  On March 7, 2011, Patricia Heenan, Esquire, entered her appearance on behalf of Plaintiff Kevin Furey, thus joining (but not replacing) Ms. Furey.  See Doc. 57.  The following day, I issued an order staying discovery pending resolution of the present motion for disqualification of Plaintiff's counsel.  See Doc. 58.

On March 15, 2011, Plaintiff filed a brief in opposition to Defendants' motion for disqualification.  See Doc. 60.  Thereafter, Defendants filed a reply, and Plaintiff filed a sur-reply.  See Docs. 61 & 62.  On April 21, 2011, I conducted oral argument on Defendants' motion and request to depose Ms. Furey.[3]  The matter is now ripe for disposition.

## II. DISCUSSION

### A. Defendants' Motion to Disqualify Counsel

"A 'district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it.'"

---

[3] During oral argument, I instructed Defendants to provide the court with the complete deposition transcript of Officer Wolfe, only portions of which had been attached to the parties' pleadings.  Defendants have provided the complete deposition transcript.

Holcombe v. Quest Diagnostics, Inc., 675 F.Supp.2d 515, 518 (E.D. Pa. 2009) (quoting United States v Miller, 624 F.2d 1198, 1201 (3d Cir. 1980)); see also Jordan v. Philadelphia Housing Auth., 337 F.Supp.2d 666, 671 (E.D. Pa. 2004). "When presented with a motion to disqualify counsel, a court must strike a 'delicate balance' between the competing considerations." Wyeth v. Abbott Laboratories, 692 F.Supp.2d 453, 458 (E.D. Pa. 2010) (quoting Pioneer-Standard Elec., Inc. v. Cap Gemini Am., Inc., 2002 WL 553460 (N.D. Ohio Mar. 11, 2002)). The competing considerations include the unfettered practice of law, maintaining the integrity of the legal profession, and striking a "balance [between] the plaintiff's right to retain counsel of his or her choice against the opposing party's right to prepare and try a case without prejudice." Nesselrotte v. Allegheny Energy, Inc., Civ. No. 06-1390, 2008 WL 2890832, at *4 (W.D. Pa. July 23, 2008) (citing Belote v. Maritrans Operating Partners, L.P., Civ. No. 97-3993, 1998 WL 136523, at *6 (E.D. Pa. Mar. 20, 1998)); Wyeth, 692 F.Supp.2d at 458. However, "[m]otions to disqualify are generally disfavored, and a party's choice of counsel is entitled to substantial deference." Nesselrotte, 2008 WL 2890832, at *4 (citing Walsh v. Consolidated Design & Eng'g, Inc., Civ. No. 05-2001, 2008 WL 131135, at *3 (E.D. Pa. Jan. 14, 2008)).

When weighing the competing considerations, "a Court must also be mindful of the ends served by the ethics rules and the need 'to maintain the highest standards of the [legal] profession.'" Wyeth, 692 F.Supp.2d at 458 (quoting In re Cendant Corp. Sec. Lit.,

5

124 F.Supp.2d 235, 249 (D.N.J. 2000)). In this regard, the Eastern District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct with respect to attorneys practicing before it. See E.D. Pa. Local R. Civ. P. 83.6, Rule IV(B). "Counsel may be disqualified if the Court determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve." Henry v. Delaware River Joint Toll Bridge Comm'n, No. 00-6415, 2001 WL 1003224, at *1 (E.D. Pa. Aug. 24, 2001) (citing Miller, 624 F.2d at 1201).

Defendants' primary argument rests on Pennsylvania Rule of Professional Conduct 3.7(a)(1), which states that "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness *unless* . . . (3) disqualification of the lawyer would work *substantial hardship* on the client." Pa. R. Prof. Cond. 3.7(a)(1) (emphasis added). Defendants argue that because Ms. Furey has admitted her likely role as a fact witness, she should be disqualified. See Doc. 55 at 5-6; Doc. 61 at 6-7. They also assert that they may call her as a fact witness at trial. See N.T. 04/21/11 at 9, 11. Plaintiff counters that Ms. Furey's disqualification would constitute a substantial hardship on Plaintiff given (1) her familiarity with the client and his case, (2) her expertise in civil rights law, (3) her "vehement and aggressive representation," (4) Plaintiff's fragile health, and (5) the late stage of the litigation. See Doc. 60 at 10; Doc. 62 at 7. Although it is somewhat inconsistent with the last argument, Plaintiff also argues that a determination as

6

to Ms. Furey's disqualification at this time would be premature because it is still uncertain whether she would be a necessary fact witness. Id. at 11, 15, 28-29.

I agree with Plaintiff that the motion seeking Ms. Furey's disqualification is premature. By the language of Rule 3.7(a), Ms. Furey would only be barred from being an "advocate at trial." At this stage of the litigation, it is unclear whether Ms. Furey will be a necessary fact witness at trial, or even whether the events referenced in paragraphs 17 and 18 of the complaint, to which Ms. Furey was witness, will be at issue at trial.[4] Following counsel's deposition and completion of discovery, and decision on summary judgment motions, if presented, the parties and the court will be better able to address the question whether Ms. Furey is "likely to be a necessary witness," which could disqualify her as serving as trial counsel. Therefore, I will deny Defendants' motion to disqualify Plaintiff's counsel without prejudice. See Caplan v. Braverman, 876 F.Supp. 710, 711 (E.D. Pa. 1995) ("Waiting until discovery is completed on this issue [whether to disqualify counsel on the basis of a Rule 3.7(a) conflict] is the best course to resolve this potential conflict.").

---

[4]On the one hand, Plaintiff alleges in his complaint that he accepted ARD partly because he felt "terroriz[ed]" when several individuals, including Officer Wolfe and Mr. Ehrlich, "screamed" at his counsel (Ms. Furey) outside of the courtroom, and the circumstances surrounding Plaintiff's acceptance of ARD is a basis for Defendants' alleged conspiracy to violate his constitutional and statutory rights. See Compl. at ¶¶ 17-20. On the other hand, Ms. Furey has repeatedly argued in the context of the present dispute that she does not anticipate the heated hallway conversation(s) being raised at trial, nor does she envision being a fact witness in the case. The case must develop further before it comes clear whether Ms. Furey will be a trial witness.

### B. Defendants' Request to Depose Ms. Furey

Defendants' motion to disqualify includes a request that they be permitted to depose Plaintiff's counsel as a fact witness. It is axiomatic that a trial court has broad discretion to fashion discovery orders. See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery. Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted). Any material that is relevant to the subject matter involved in the action is discoverable as long as it is not privileged. See Fed. R. Civ. P. 26(b)(1). It follows, therefore, that "[t]here is no general prohibition against obtaining the deposition of adverse counsel regarding relevant, non-privileged information." Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J. 1990). Instead, in the context of protective orders seeking to block the deposition of an adverse attorney, courts look to such factors as the extent to which the proposed deposition would focus on central factual issues, the availability of the same information from other sources, and "the harm to the party's representational rights resulting from the attorney's deposition." Frazier v. Southeastern Pennsylvania Transp. Auth., 161 F.R.D. 309, 313 (E.D. Pa. 1995) (citing Johnston, 130 F.R.D. at 353).

Plaintiff opposes Ms. Furey's deposition on the grounds that she is not a necessary fact witness and does not anticipate being called as a witness at trial by either party. See Doc. 60 at 11-26; Doc. 62 at 1-6.[5] In support of this position, Plaintiff argues that another witness was present at both ARD proceedings and overheard the loud conversation(s), namely George Furey, who is Ms. Furey's husband and Plaintiff's father. See Doc. 60 at 5-6, 16-17. Plaintiff also identifies several other potential witnesses, including Mr. Ehrlich, Officer Wolfe and court officers at the ARD hearings. Id. at 8, 17-18. Therefore, Plaintiff argues that Ms. Furey's testimony would be cumulative and unnecessary. Id.; Doc. 62 at 6. Finally, Ms. Furey argues that Defendants' request to depose her is improper because it is merely a tactical ploy to develop a record with which to seek her disqualification at a later date. See Doc. 60 at 7, 16; Doc. 62 at 8-9; N.T. 04/21/11 at 38-39.

As I stated during oral argument, I will grant Defendants' request to depose Ms. Furey. See N.T. 04/21/11 at 39. I will do because it is clear from the record that Ms. Furey is a key fact witness regarding the circumstances surrounding the alleged coercion of Plaintiff to accept ARD – a decision which forms part of the basis of the claims asserted in Plaintiff's complaint. See Compl. at ¶¶ 17-20. Indeed, as previously noted, Ms. Furey conceded that she was a fact witness on at least two occasions. Morever, Ms.

---

[5]At oral argument, Ms. Furey initially stated that she did not object to her deposition, then proceeded to argue against it. See N.T. 04/21/11 at 30, 38.

9

Furey conceded during oral argument that she was one of five people who were part of Mr. Ehrlich's discussions. See N.T. at 22.

Plaintiff has also argued that Ms. Furey's statements at the depositions that she was a fact witness were made in the heat of the moment and/or in the context of zealous representation. See Doc. 60 at 24; N.T. 04/21/11 at 29. There is no question that Ms. Furey is a zealous advocate for her son, and she may be correct in asserting the unlikelihood of her being called as a witness by either party at trial. However, the unlikelihood of her being called as a witness at trial does not change the fact that she is an appropriate fact witness for purposes of discovery. See Aamco Transmissions, Inc. v. Baker, No. 06-5252, 2008 WL 509220, at *3 (E.D. Pa. Feb. 25, 2008) (M.J. Rice) (noting that a deposition may be appropriate even if attorney may not be a necessary witness at trial); Kaiser v. Mutual Life Ins. Co. of New York, 161 F.R.D. 378, 382 (S.D. Ind. 1994) ("[I]f an attorney is a witness of or actor in prelitigation conduct, he may be deposed the same as any other witness."). Therefore, I will grant Defendants' request to depose Plaintiff's counsel as a fact witness.

I stated at oral argument, and reiterate here, that I have not ruled that Plaintiff has waived the attorney-client privilege with respect to the events. Defendants argue that Plaintiff has waived the privilege by his allegations, but offer little support for their position. See Doc. 55 at 9-10; N.T. 04/21/11 at 7-8. If necessary, this issue will be

addressed in the context of an appropriate motion in connection with the deposition(s) of Plaintiff or Ms. Furey, or in connection with trial.

Given the difficulties which have arisen during prior depositions and to avoid wandering into unnecessary or improper areas, including that of attorney-client privilege or work-product information, the deposition of Ms. Furey shall be strictly limited to questions regarding (1) the facts of what occurred at the court proceedings referenced in paragraphs 17 and 18 of the complaint, (2) her knowledge of an alleged "secret meeting" between Internal Affairs detectives and Mr. Ehrlich as referenced in paragraph 17 of the complaint, (3) the loud conversation(s) she had or overheard within earshot of Plaintiff immediately prior to his acceptance of ARD, also as referenced in paragraph 17 of the complaint, (4) the alleged telephone conversation Ms. Furey had with Steve Robinson's stepmother, as referenced in Plaintiff's response brief (Doc. 60 at 5, n1), during Officer Wolfe's deposition (Wolfe Dep. at 307-09), and at oral argument (N.T. 02/21/11 at 25-26), and (5) any other matters agreed to by counsel.

In addition, given the highly personalized and contentious nature of this case, I find it both necessary and judicially expedient to closely supervise the depositions of Plaintiff and Ms. Furey. To that end, I will order the parties to arrange to conduct the depositions of Ms. Furey and Plaintiff in my courtroom when my calendar allows.

## III. **CONCLUSION**

At this stage of the litigation, it is unclear whether Ms. Furey will be a necessary fact witness at trial, or whether any prejudice arising from her participation as a fact witness could be adequately cured through objections or jury instructions. Therefore, Defendants' motion to disqualify Plaintiff's counsel will be denied without prejudice. However, it is clear from the record that Ms. Furey is a fact witness regarding the circumstances surrounding Plaintiff's decision to accept ARD. Therefore, Defendants' request to depose Ms. Furey is granted, subject to the strict limitations expressed herein. An appropriate order follows.