IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN FUREY                          :        CIVIL ACTION
                                     :
           v.                        :
                                     :
POLICE OFFICER TRAVIS WOLFE,         :        NO.  10-1820
et al.                               :

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY                                         August 17, 2011
UNITED STATES MAGISTRATE JUDGE

In this action, Plaintiff Kevin Furey ("Plaintiff") alleges that his civil rights were

violated by Police Officer Travis Wolfe ("Officer Wolfe"), the City of Philadelphia (the

"City"), and Philadelphia Police Commissioner Charles Ramsey ("Commissioner

Ramsey") (collectively, "Defendants"), as a result of Officer Wolfe making an off-duty

arrest of Plaintiff in the early morning hours of April 5, 2008.  Presently before the court

is Defendants' motion for leave to file a motion for summary judgment (Doc. 98).[1]  For

the reasons that follow, Defendants' motion will be granted.

I.        **RELEVANT PROCEDURAL HISTORY**

On March 10, 2010, Plaintiff commenced this action in the Philadelphia Court of

Common Pleas, and on April 23, 2010, Defendants removed it to this Court.  See Doc. 1.

Plaintiff alleges that his civil rights were violated pursuant to 42 U.S.C. § 1983.  See

Compl. at First Cause of Action.  Plaintiff also alleges various state law claims against

---

[1]The Honorable Mary A. McLaughlin has referred all discovery-related issues in
this case to the undersigned.

Officer Wolfe.  Id. at Second Cause of Action.  Among other things, Plaintiff alleges that Officer Wolfe unlawfully used force against him without probable cause to believe he had committed a crime, assaulted Plaintiff, subjected him to an unlawful arrest, and committed perjury.  See id. ¶¶ 9-16.  Plaintiff further alleges that Officer Wolfe's conduct was the result of policies, practices and customs and deliberate indifference on the part of the City and Commissioner Ramsey.  See id. at First Cause of Action.

As alleged in the complaint, on April 5, 2008, Plaintiff, an undergraduate at Temple University, was arrested by Officer Wolfe and charged with several criminal offenses.  See Compl. ¶¶ 9, 14, 30.  Of particular relevance to the instant motion are the allegations pertaining to the handling of the criminal charges:

> 17.  At a continued Preliminary Hearing held in November 2008, Internal Affairs detectives appeared and had a secret meeting with the Chief of the Philadelphia District Attorney's Municipal Court Unit, Charles Ehrlich, whereupon Charles Ehrlich offered plaintiff admission to an ARD [Accelerated Rehabilitative Disposition] program only if plaintiff agreed not to sue and other conditions.  The Internal Affairs officer, defendant Wolfe, the District Attorney in the Courtroom, Deputy District Attorney Ehrlich, screamed at plaintiff's attorney in a threatening manner, terrorizing plaintiff, who overheard in the hallway, believing that he would be wrongfully prosecuted and convicted of crimes he did not commit.
> 18.  At the actual ARD hearing, which took place on June 10, 2009, plaintiff was placed in the ARD program without the requirement that he not sue defendants and the other requirements as set by Charles Ehrlich, who had no authority to impose terms for admission into the ARD program, since Ehrlich was not Chief on the ARD unit.

2

Compl. §§ 17-18.  Meanwhile, on April 5, 2009 – between the date of the Preliminary

Hearing and the ARD Hearing, and exactly one year from the date of Plaintiff's arrest –

Officer Wolfe testified under oath at a Temple University disciplinary hearing ("Temple

Hearing").  Plaintiff was subsequently expelled from Temple University.  He entered and

completed the ARD program, and the criminal charges have been expunged.

On May 12, 2010, Defendants filed a motion to dismiss based on Plaintiff's

alleged agreement not to bring a civil action in exchange for the dismissal and

expungement of the criminal charges after the successful completion of the ARD

program.  See Doc. 3.  On May 26, 2010, Judge McLaughlin denied Defendants' motion

to dismiss without prejudice to re-file "at a later date."  See Doc. 9.

On May 3, 2011, the undersigned permitted Defendants to depose Plaintiff's

counsel, Ms. Furey, "regarding the circumstances surrounding the alleged coercion of

Plaintiff to accept ARD – a decision which forms part of the basis of the claims asserted

in Plaintiff's complaint."  See Doc. 66 at 9.  I limited the deposition of Plaintiff's counsel

to the following: "(1) the facts of what occurred at the court proceedings referenced in

paragraphs 17 and 18 of the complaint, (2) her knowledge of an alleged 'secret meeting'

between Internal Affairs detectives and Mr. Ehrlich as referenced in paragraph 17 of the

complaint, (3) the loud conversation(s) she had or overheard within earshot of Plaintiff

immediately prior to his acceptance of ARD, also as referenced in paragraph 17 of the

complaint, (4) the alleged telephone conversation Ms. Furey had with Steve Robinson's stepmother . . ., and (5) any other matters agreed to by counsel." Id. at 11.

Plaintiff's deposition occurred on June 22, 2011, at which time defense counsel explored Plaintiff's alleged agreement not to sue Defendants in exchange for the dismissal and expungement of the criminal charges against him following the successful completion of the ARD program.  Ms. Furey's deposition occurred in my courtroom on June 23, 2011, at which time defense counsel explored those areas permitted by my May 3, 2011 Order.

On July 5, 2011, defense counsel sent a letter to my chambers requesting a status conference for the purpose of staying discovery to allow Defendants to file a motion for summary judgment.  After Plaintiff responded by letter that did not explicitly oppose Defendants' request to file a summary judgment motion, Defendants' request was granted by Order dated July 12, 2011.  See Doc. 89.  Plaintiff immediately filed a formal motion for reconsideration.  See Doc. 90.  Following a teleconference with counsel, I granted in part and denied in part Plaintiff's motion for reconsideration by Order dated July 13, 2011.  See Doc. 91.  Specifically, I denied the motion to the extent that the order staying discovery remained in place, but granted the motion in part by requiring Defendants to file a "formal motion briefly setting forth the issue they plan to raise in their summary judgment motion, whether the evidentiary record is complete on the issue, and whether it

is appropriate that summary judgment be filed before the entire discovery record is complete." Id.

Defendants filed a formal motion for leave to file summary judgment on July 20, 2011, arguing that discovery is now complete as to the issue raised in the motion to dismiss denied without prejudice by Judge McLaughlin on May 26, 2010, and because the issue will bring the case to a final and full conclusion.  See Doc. 98.[2]  Subsequently, Plaintiff filed an opposition brief, Defendants filed a reply, and Plaintiff filed a sur-reply.  See Docs. 99-101.

## II.    DISCUSSION

### A.    Issue to be Raised in Defendants' Proposed Summary Judgment Motion

Defendants argue that their anticipated summary judgment motion will focus on the same issue raised in their prior motion to dismiss, which had been denied without prejudice – namely, whether Plaintiff entered into an enforceable agreement not to bring a civil action against Defendants in exchange for the dismissal and expungement of the criminal charges against him following the successful completion of the ARD program. See Doc. 98 at 3-4 (not numbered).  Defendants contend that agreements not to file a civil rights lawsuit in return for the dismissal of criminal charges are not per se

---

[2]Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides in relevant part that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

unconstitutional so long as they are executed voluntarily, free from prosecutorial misconduct, and are not offensive to the public interest, citing <u>Newton v. Rumery</u>, 480 U.S. 386, 397-98 (1987) and <u>Franco v. Chester Twp. Police Dep't</u>, 266 Fed. Appx. 99, 102 (3d Cir 2008) ("As the Supreme Court emphasized in <u>Rumery</u>, forcing criminal defendants to make difficult choices does not violate the Constitution," and a defendant's dilemma whether to accept a release-dismissal agreement "is no more coercive than those faced by many other criminal defendants").  Therefore, Defendants seek to move for summary judgment on the grounds that Plaintiff entered into an enforceable agreement not to bring a civil action against Officer Wolfe and the City.

Plaintiff counters with arguments that primarily rely on the merits of the case.  For example, Plaintiff argues that because the agreement not to sue was mentioned at the Preliminary Hearing on November 24, 2008, but was not mentioned as a condition during the ARD Hearing on June 10, 2009, Plaintiff did not enter into an agreement not to sue. Alternatively, Plaintiff argues that even if he did enter into such an agreement, the agreement is unenforceable because it was entered into under duress at the time of the Preliminary Hearing, and because it is against public policy and unconstitutional.  <u>See</u> Doc. 99 at 6-9.

Although Plaintiff may in the end be proven correct, his arguments are best left to a memorandum of law in opposition to a motion for summary judgment, rather than a memorandum in opposition for leave to file such a motion.  The validity and effect of the

alleged agreement not to sue is an appropriate matter for consideration on summary judgment at this stage, particularly as the issue is the same one raised in a prior motion to dismiss which Judge McLaughlin denied without prejudice to re-file "at a later date." See Doc. 9.

### B.    Whether the Proposed Summary Judgment Will Dispose of the Case

Defendants also argue that summary judgment is appropriate at this time because a determination in their favor on the sole proposed issue would bring the case to a final and full conclusion, avoiding the time and expense of additional discovery. See Doc. 98 at 4 (not numbered); Doc. 100 at 2 (not numbered). Plaintiff disagrees, arguing that even if the alleged agreement not to sue were found valid and enforceable, it would not cover Officer Wolfe's alleged perjury at the subsequent Temple Hearing held on April 5, 2009. See Doc. 99 at 11; Doc. 101 at 1.

A motion for summary judgment, if granted, need not dispose of the entire matter. Although there is a risk of piecemeal litigation by allowing Defendants' motion at this point, the risk is balanced by the possibility of narrowing the issues for litigation and discovery. The matter Defendants seek to raise is of sufficient import and of sufficient potential to focus the issues going forward to merit summary judgment consideration at this stage.

C.      **Whether the Evidentiary Record is Complete on the Proposed Issue**

I directed the parties to address whether discovery is completed with respect to the issue Defendants wish to raise on summary judgment.  Defendants argue that the evidentiary record is complete on the question of Plaintiff's alleged agreement not to sue, noting that the prosecutor, Charles Ehrlich, Plaintiff and Plaintiff's counsel have been deposed, and the transcript of the underlying criminal prosecution has been transcribed.  See Doc. 98 at 4 (not numbered).  As a result, Defendants argue that any factual issues concerning the voluntariness of the alleged agreement not to sue, and any alleged prosecutorial misconduct, are ready to be presented to the Court for final disposition.

Plaintiff does not suggest that further discovery is needed with respect to the circumstances of his alleged promise not to sue.  Instead, Plaintiff argues that discovery is not complete on the issue of misconduct on Defendants' part.  Specifically, Plaintiff claims that the following discovery will be needed in order for him to respond to the proposed summary judgment motion:

> [D]iscovery from the Philadelphia Police Department as to when, how, and why it would require the District Attorney's Office to demand an agreement not to sue a police officer and other Police Department and City of Philadelphia personnel.  Discovery must be conducted as to the District Attorney's Office's consultation and cooperation with the Police Department as to the disposition of a criminal case, particularly when the charge is the alleged assault and battery of a police officer.  All policies and procedures regarding this cooperation and consultation must be discovered . . . .  Plaintiff anticipates depositions must be conduct [sic] as well as interrogatories, requests for production of documents and subpoenas . . . .

Doc. 99 at 12-13.  In the event the Court permits Defendants to file the proposed summary judgment motion, Plaintiff requests 60 days to complete discovery in order to respond to the motion.  See id. at 12-13.

The decision whether to grant additional discovery to a party opposing summary judgment is within the court's discretion.  See Contractor's Ass'n of E. Pa., Inc. v. City of Philadelphia, 945 F.2d 1260, 1267 (3d Cir. 1991).[3]  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery . . . ."  Fed. R. Civ. P. 56(d)(2).

I will deny Plaintiff's request for an order allowing further discovery, without prejudice to renew his request when responding to Defendants' motion for summary judgment.  I will be in a better position to assess Plaintiff's need for discovery upon review of the parties' briefing on the legal issues.

## III.  CONCLUSION

Defendants have identified an appropriate issue for summary judgment, and therefore I will grant Defendants' motion for leave to file a summary judgment motion. Defendants shall have fourteen days from the date of this order, or until August 31, 2011,

---

[3]Although case law on this point is based on former Rule 56(f), notes to the 2009 amendments of Rule 56 state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  See Fed. R. Civ. P. 56 (Notes to 2009 Amendments).

to file their motion for summary judgment, and Plaintiff shall have twenty-one days

thereafter to respond.  Plaintiff's request for an order allowing further discovery will be

denied, without prejudice to renew the request when responding to Defendants' motion

for summary judgment.[4]

       An appropriate order follows.

---

[4]The Court's Order staying discovery will remain in effect pending the Court's
ruling on Plaintiff's anticipated affidavit in support of additional discovery.